# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LAWRENCE BARRA, | Case No.  1:23-cv-01746-FRS (BAM) (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| TULARE COUNTY SHERIFF'S DEPARTMENT, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| Defendant. | (ECF No. 13) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Anthony Lawrence Barra ("Plaintiff") is a former county jail inmate and current state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's second amended complaint is currently before the Court for screening. (ECF No. 13.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Allegations in Complaint

Plaintiff is currently housed at California State Prison, Sacramento in Represa, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at the Bob Wiley Detention Facility in Visalia, California. Plaintiff names as defendants: (1) Sergeant West, Tulare County Sheriff's Office; and (2) Chaplin May, Tulare County Sheriff's Office.[1]

Plaintiff alleges that on August 31, 2023, Defendants Chaplin May and Sergeant West were doing their rounds. Plaintiff asked Defendant May if he can look into finding Plaintiff a Satanic (Lucifarian) Bible. Defendant May said he won't deal in that sorcery stuff. However, he does every other religion, so the next time he came Plaintiff asked why, he said ask Sgt. West. Plaintiff did and Defendant West stated that he agreed but cannot due to the policy makers. Defendant West said the policy guys hate Satanism as a religion.

Plaintiff tried buying the Satanic Bible from Amazon, where it got sent back. Plaintiff then tried a homemade altar and when they came, Defendant West ripped and destroyed

---

[1] In prior versions of the complaint, Plaintiff named the Tulare County Sheriff's Office and Mike Boudreaux as defendants. (ECF Nos. 1, 9.) As Plaintiff has omitted these defendants from the second amended complaint, the Court finds that Plaintiff has dismissed these defendants from this action.

Plaintiff's shrine.

Plaintiff seeks monetary value to purchase his Satanic (Lucifarian) Bible and all items that go with it.  If not, then declaratory relief.

**III.    Discussion**

**A.    Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

To the extent Plaintiff is attempting to challenge the jail's policy regarding Satanism or the purchase of Satanic Bibles, Plaintiff has failed to link any defendant to the creation of this policy.  Plaintiff must provide a link between the alleged violations of his rights and the actions or inactions of a particular defendant.

**B.    First Amendment – Free Exercise of Religion**

Incarcerated persons do not forfeit the right to the free exercise of religion, which is guaranteed by the First Amendment.  *See McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122-23 (9th Cir. 2013).

To state a claim under the Free Exercise Clause, an inmate must plausibly allege that a prison official's actions (a) "substantially burden[ed]" the inmate's exercise of a sincerely-held religious belief; and (b) did so in an unreasonable manner—i.e., the official's actions were not "rationally related to legitimate penological interests." *See O'Lone v. Estate of Shabazz*, 482 U.S.

342, 348-50 (1987); *Jones v. Williams*, 791 F.3d 1023, 1031, 1033 (9th Cir. 2015); *Shakur v. Schriro,* 514 F.3d 878, 884–85 (9th Cir. 2008).  A substantial burden places more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs.  *Jones*, 791 F.3d at 1031–32.  Plaintiff must demonstrate that prison officials prevented him from engaging in conduct which he sincerely believes is required by his faith.  *Shakur*, 514 F.3d at 884–85.  The underlying religious belief must be "sincerely held."  *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994); *see also Shakur*, 514 F.3d at 884–85 (noting that the "sincerity test," not the "centrality test," applies to a free exercise analysis).

At the pleading stage, Plaintiff states a cognizable claim under the Free Exercise Clause against Defendants May and West.  Plaintiff alleges that Defendant May denied Plaintiff's request for a Satanic Bible, despite providing bibles for every other religion.  Plaintiff further alleges that Defendant West ripped and destroyed Plaintiff's homemade altar or shrine.  Liberally construing the allegations, Plaintiff has alleged that his sincerely held religious belief has been substantially burdened.

However, Plaintiff fails to link any defendant to any jail policy regarding Satanism or Satanic Bibles, or to the return of Plaintiff's purchased Satanic Bible.

**C.      Religious Land Use and Institutionalized Persons Act**

A prisoner's ability to freely exercise his religion is also protected by the Religious Land Use and Institutionalized Persons Act ("RLUIPA").  The RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . unless the government demonstrates that imposition of the burden on that person . . . is in furtherance of a compelling governmental interest . . . and is the least restrictive means of furthering that . . . interest."  42 U.S.C.A. § 2000cc-1(a).  "RLUIPA defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'"  *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1124 (9th Cir. 2013); 42 U.S.C. § 2000cc-5(7).

///

The First Amendment substantial burden requirement also applies to claims under RLUIPA. *See Greene v. Solano Cty. Jail*, 513 F.3d 982, 988 (9th Cir. 2008). As with the First Amendment, under RLUIPA, the government imposes a "substantial burden" on a prisoner when it puts "substantial pressure on [him] to modify his behavior and to violate his beliefs." *Hartmann*, 707 F.3d at 1125 (citation omitted). RLUIPA is more protective than the First Amendment, in that the availability of alternative means of practicing religion is irrelevant to whether the Act has been violated. *See Holt v. Hobbs*, 574 U.S. 352, 361 (2015). With RLUIPA, the "'substantial burden' inquiry asks whether the government has substantially burdened religious exercise . . . , not whether the RLUIPA claimant is able to engage in other forms of religious exercise." *Id.* at 361–62.

Money damages are not available under RLUIPA against the state or state officials sued in their official capacities, *Sossamon v. Texas*, 563 U.S. 277, 279 (2011), and RLUIPA does not contemplate liability of government employees in their individual capacity. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014). Thus, a RLUIPA claim may proceed only for declaratory or injunctive relief against defendants acting within their official capacities. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) ("RLUIPA does not authorize suits for damages against state officials in their individual capacities because individual state officials are not recipients of federal funding and nothing in the statute suggests any congressional intent to hold them individually liable."). The proper defendant for a RLUIPA claim is the official who could appropriately respond to a court order on injunctive relief should one ever be issued. *See id.*

Plaintiff has not named any defendant that would be a proper defendant for a RLUIPA claim, and Plaintiff's second amended complaint primarily seeks monetary damages. Plaintiff therefore fails to state a cognizable claim for relief pursuant to RLUIPA.

**IV.    Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's second amended complaint states cognizable claims under the Free Exercise Clause of the First Amendment against Defendant May for denying Plaintiff's request for a Satanic Bible and against Defendant West for ripping and destroying Plaintiff's homemade altar or shrine. However, Plaintiff's second amended complaint

5

fails to state any other cognizable claims for relief against any other defendants.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's second amended complaint, filed February 27, 2026, (ECF No. 13), against Defendant May for denying Plaintiff's request for a Satanic Bible and against Defendant West for ripping and destroying Plaintiff's homemade altar or shrine in violation of the Free Exercise Clause of the First Amendment; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 4, 2026**              /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE

6