UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LAWRENCE BARRA,<br><br>Plaintiff,<br><br>v.<br><br>TULARE COUNTY SHERIFF'S DEPARTMENT, *et al.*,<br><br>Defendants. | Case No.  1:23-cv-01746-JLT-FJS (PC)<br><br>ORDER DISREGARDING DEFENDANT WEST'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS<br>(ECF No. 25)<br><br><u>Response to Complaint Due</u>: June 30, 2026 |

Plaintiff Anthony Lawrence Barra ("Plaintiff") is a former county jail inmate and current state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 4, 2026, the then-assigned magistrate judge screened the second amended complaint and issued findings and recommendations that this action proceed against Defendant May for denying Plaintiff's request for a Satanic Bible and against Defendant West for ripping and destroying Plaintiff's homemade altar or shrine in violation of the Free Exercise Clause of the Fourteenth Amendment. (ECF No. 16.) Those findings and recommendations were adopted in full by the assigned district judge on April 6, 2026. (ECF No. 18.)

Accordingly, the court directed service of the second amended complaint on Defendants May and West on April 29, 2026. (ECF No. 21.) Defendant West returned an executed waiver of service on May 12, 2026. (ECF No. 23.)

Currently before the court are Defendant West's purported objections to the March 4,

2026, findings and recommendations and request for judicial notice, filed May 18, 2026. (ECF No. 25.) Defendant West notes that he was not served a copy of the findings and recommendations and was uncertain of the deadline to file his objections. Defendant West therefore filed his objections at the earliest available opportunity to preserve the right to challenge the magistrate judge's findings on appeal. (*Id.*)

Defendant West's objections are disregarded as procedurally improper. As noted above, the March 4, 2026, findings and recommendations were adopted in full by the district judge on April 6, 2026. (ECF No. 18.) Therefore, the findings and recommendations are no longer pending review by the court.

Furthermore, to the extent Defendant West argues that the second amended complaint or any claims raised therein should be dismissed based on the doctrine of *res judicata* or for failure to state a cognizable claim upon which relief may be granted, (ECF No. 25, p. 11), the appropriate vehicle for such a challenge is the filing of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b).[1]

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1.  Defendant West's objections to the March 4, 2026, findings and recommendations, (ECF No. 25), are DISREGARDED; and

2.  The deadline for Defendant West to file an answer to the second amended complaint or motion pursuant to Federal Rule of Civil Procedure 12 remains June 30, 2026. (ECF No. 23); Fed. R. Civ. P. 12(a)(1)(A)(ii).

IT IS SO ORDERED.

Dated:   **May 20, 2026**                    _____
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant West will not be prejudiced by filing his arguments in the form of a motion to dismiss rather than as objections to the March 4, 2026, findings and recommendations screening the second amended complaint. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (the legal standard for screening and for 12(b)(6) motions is the same).