UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LAWRENCE BARRA,<br>Plaintiff,<br>v.<br>TULARE COUNTY SHERIFF'S DEPARTMENT, *et al.*,<br>Defendants. | Case No. 1:23-cv-01746-JLT-FJS (PC)<br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER<br>(ECF No. 32)<br>FOURTEEN (14) DAY DEADLINE |

Plaintiff Anthony Lawrence Barra ("Plaintiff") is a former county jail inmate and current state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendant May for denying Plaintiff's request for a Satanic Bible and against Defendant West for ripping and destroying Plaintiff's homemade altar or shrine, in violation of the Free Exercise Clause of the Fourteenth Amendment.

For the reasons that follow, the court recommends that this action be dismissed, with prejudice.

I. BACKGROUND

On June 24, 2026, Defendant West filed a motion to dismiss. (ECF No. 28.) On June 30, 2026, Defendant May filed a separate motion to dismiss. (ECF No. 29.) Pursuant to Local Rule 230(l) and Federal Rule of Civil Procedure 6(d), Plaintiff's opposition or statement of non-opposition to Defendant West's motion to dismiss was due on or before July 20, 2026, and his opposition or statement of non-opposition to Defendant May's motion to dismiss was due on or before July 24, 2026.

On August 10, 2026, the court ordered Plaintiff to show cause within twenty-one (21) days why this action should not be dismissed, with prejudice, for Plaintiff's failure to prosecute. (ECF No. 32.) Plaintiff was provided the opportunity to comply with the court's order by filing an opposition or statement of non-opposition to Defendant West's motion to dismiss and a separate opposition or statement of non-opposition to Defendant May's motion to dismiss. Plaintiff was warned that failure to comply with the court's order would result in a recommendation that this matter be dismissed, with prejudice, for failure to prosecute. (*Id.*)

Plaintiff failed to submit any response to Defendants' motions to dismiss and has not otherwise communicated with the court regarding this action.

II. DISCUSSION

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the court must consider several factors: (1) the public's interest in expeditions resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, the action has been pending since 2023, and Plaintiff's responses or oppositions to Defendants' motions to dismiss are overdue. Plaintiff was warned that his failure to comply with the court's order would result in dismissal of this action, with prejudice, for failure to prosecute. Plaintiff has failed to comply.

The court informed Plaintiff of the need to respond to Defendants' motions to dismiss. Plaintiff did not file an opposition or otherwise respond to the court's order. The court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal of this action.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Yet "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Such is the case here.

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives requirement." *Henderson*, 779 F.2d at 1424. The court's August 10, 2026, order to show cause expressly warned Plaintiff that if he failed to comply with that order, the undersigned would recommend that this matter be dismissed, with prejudice, for failure to prosecute. (ECF No. 32 at 2.) Thus, Plaintiff had adequate warning that dismissal of this action could result from his noncompliance. At this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use. Further, the

preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating this case.

In summary, Plaintiff is no longer prosecuting this action, and the court cannot afford to expend resources resolving an unopposed dispositive motion in a case which Plaintiff is no longer prosecuting.

## III. RECOMMENDATION

Accordingly, the court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to prosecute and for failure to obey a court order.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **September 9, 2026**

UNITED STATES MAGISTRATE JUDGE